PONDER, Justice.
The plaintiff brought this slander of title suit or action in jactitation against the defendant seeking to be quieted in his possession as owner of a 327 acre tract of land located in Franklin Parish, known as Balmoral Plantation, including the timber on the property and seeking to have the *233 defendant either disclaim any right to the property or the timber thereon or assert such rights as it may have. The defendant admitted the plaintiff’s possession but claimed ownership of the timber located on the property measuring 14" or large, 18" from the ground, by virtue of a contract entered into between the plaintiff and defendant on May 2, 1953 wherein the defendant was given three years from that date to cut and remove the timber and was granted the right to extend the period of time for the removal of the timber from year to year on the payment annually of 6% per annum of the amount of the purchase price.
The pertinent part of the timber deed reads as follows:
“The vendor herein grants unto vendee a period of three (3) years from May 1, 1953, in which to remove the said timber from the said lands, and the vendor further grants unto the vendee should there occur any reason why the said timber could not be removed in the three year period, the right to increase the said time by paying to the vendor 6%. per annum of the original price of the said timber, which payment ‘ shall be made on or before the second day of May, 1956, and each year thereafter, should additional time be needed by said vendee.”
It appears from the evidence that the defendant, not having removed all the timber from this tract of land, mailed a check to the plaintiff for $352.80 (6% of the purchase price) on January 31, 1956. Enclosed with the check was a letter informing the plaintiff that it was exercising the option to extend the primary term of the lease for an additional year. The plaintiff received this check on February 1, 1956 and retained it until May 2, 1956, one day after the three year primary term had expired, and on which date he returned the check by mail to defendant.
Upon trial of the case, the lower court gave judgment in favor of the defendant maintaining the timber deed of May 2, 1953 in effect for the additional year and for each additional year thereafter upon the payment yearly of 6%. of the purchase price, and rejected the plaintiff’s demands. The plaintiff has appealed.
The plaintiff contends that the defendant has forfeited his rights to remove the timber because it failed to do so before the primary term of the contract had expired, and that the defendant has no right under the option to extend the term of the contract beyond its primary term because the defendant did not allege and prove that it was impossible to remove the timber within the primary term.
The plaintiff relies upon the holding in the case of Marionneaux v. Smith, La.App., 163 So. 206, 207. This case is not controlling because the language contained in the contract in that case, to-wit, “if for any cause or reason beyond his control” is entirely different from the language contained in the contract under consideration.
A mere reading of the contract involved herein discloses that if the defendant for any reason did not cut and remove the timber within the three year period he was given the right to extend the time fo.r for removal upon the payment of 6% of the purchase price on or before the 2nd day of May, 1956.
Moreover, when the plaintiff accepted defendant’s check and retained it, the option to extend the primary term for an additional year became effective. The plaintiff cannot be permitted to hold this check for some three months prior to the expiration of the primary term and then return it to the defendant after the termination of the primary term and thereby defeat defendant’s rights under the contract. When plaintiff received and re *234 tained defendant’s check, the option to extend the primary term became effective.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s cost.